D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAFAEL B. SOLANO,

                Plaintiff,

-against-

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-472 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Rafael B. Solano ("Solano") brings this action under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Social Security Administration's ("SSA's") denial of his claim for disability insurance benefits ("DIB"). (Compl. (Docket Entry # 1).) The Commissioner moves and Solano cross-moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Def.'s Mot. (Docket Entry # 9-1); Pl.'s Mot. (Docket Entry # 9-3).) As set forth below, the court grants the Commissioner's motion and denies Solano's motion.

## I. STANDARD OF REVIEW

### A. Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applied under a Rule 12(b)(6) motion. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A court is required "to accept as true all allegations in the complaint and draw all reasonable inferences in

1

favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). In addition to the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Schaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

### B. Administrative Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009). "[I]t is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). "Legal error" consists of incorrect determinations on points of statutory or regulatory law made by the Commissioner. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). In assessing a legal determination made by the Commissioner, "[the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ. Failure to apply the correct legal standards is grounds for reversal." Id.

## II. BACKGROUND

Solano was born on October 7, 1959. (Administrative Transcript ("Tr.") (Docket Entry # 8) at 42.) On November 12, 2007, Solano filed a claim for DIB alleging disability due to an injury to his left shoulder. (Id. at 87-94.) The Commissioner denied his claim, and Solano

2

requested a hearing before an Administrative Law Judge ("ALJ"). (Id. at 51.) On June 3, 2009, ALJ Manuel Cofresi held a hearing regarding Solano's claim. (Id. at 316-39.) On July 31, 2009, the ALJ issued an unfavorable decision. (Id. at 12-21.) Solano then sought review before the SSA Appeals Council, which denied his request on December 11, 2009. (Id. at 1-4.) By operation of 42 U.S.C. § 405(g), this became the final judgment of the Commissioner. Solano timely filed his Complaint on February 3, 2010. See 42 U.S.C. § 405(g).

## III. DISCUSSION

### A. Standard of Review for Determining Disability

To determine whether a claimant is entitled to SSI or DIB, an ALJ utilizes a five-step analysis, as set forth in 20 C.F.R. § 404.1520(a)(4). The Second Circuit, in Dixon v. Shalala, described this five-step analysis:

> The first step in the sequential process is a decision whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied.
>
> If not, the second step is a decision whether the claimant's medical condition or impairment is "severe." If not, benefits are denied.
>
> If the impairment is "severe," the third step is a decision whether the claimant's impairments meet or equal the "Listing of Impairments" ... of the social security regulations. These are impairments acknowledged by the Secretary to be of sufficient severity to preclude gainful employment. If a claimant's condition meets or equals the "listed" impairments, he or she is conclusively presumed to be disabled and entitled to benefits.
>
> If the claimant's impairments do not satisfy the "Listing of Impairments," the fourth step is assessment of the individual's "residual functional capacity," i.e., his capacity to engage in basic work activities, and a decision whether the claimant's residual functional capacity permits him to engage in his prior work. If the residual functional capacity is consistent with prior employment, benefits are denied.
>
> If not, the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform "alternative occupations available in the national economy." If not, benefits are awarded.

3

54 F.3d 1019, 1022 (2d Cir. 1995).

B. **The ALJ's Decision**

Under step one of the analysis, the ALJ found that Solano was not engaged in substantial gainful activity during the disability period. (Tr. at 14.) Under step two, the ALJ found that Solano suffered from a severe left shoulder rotator cuff tear following arthroscopic surgery. (Id. at 14-15.) Under step three, the ALJ found that Solano did not suffer from an impairment that met or exceeded the Listing of Impairments. (Id. at 15.) Under step four, the ALJ found that Solano possessed the residual functional capacity to "perform the full range of sedentary work," even though he was not able to perform any relevant past work. (Id. at 15-16) And under step five, the ALJ concluded that despite Solano's medically severe impairment, there existed sufficient jobs in the national economy that Solano could perform. (Id. 16-17.) Consequently, the ALJ found Solano "not disabled." (Id. at 17.)

Strangely, Solano's only argument in his cross-motion for judgment on the pleadings is that "where a person such as Mr. Solano with a long and honorable work history pursues remedies throughout treatments of one kind or another up to three times a week, he is precluded from performing any substantial gainful activity." (Pl.'s Mot. at 6.) Because the ALJ afforded Solano a favorable assessment under the substantial gainful activity prong, step one, it is wholly unclear from Solano's counsel's moving papers whether he wishes to contest the ALJ's decision on that step or on step four by finding that Solano possessed the residual functional capacity to perform a range of sedentary work. Nonetheless, Solano does not allege that the ALJ committed legal error in any of his analysis, nor does Solano even suggest that the ALJ failed to base his decision on less than substantial evidence. Rather, it appears that Solano simply suggests that his medical appointments interfered with his ability to perform his previous job. This argument,

without more, does not overturn the Commissioner's determination that Solano is not "disabled" under the Social Security Act. The court, therefore, will grant the Commissioner's motion and deny Solano's cross-motion for judgment on the pleadings.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Judgment on the Pleadings is GRANTED, and Plaintiff's Cross-Motion is DENIED.

SO ORDERED.                                              s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                NICHOLAS G. GARAUFIS
      January 6, 2011                         United States District Judge